# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LAYLA SLEEP, INC

       Plaintiff,

v.                                                 Case No. 19-cv-0715

DIRECT SUPPLY, INC

       Defendant.

# DEFENDANT'S ANSWER TO AMENDED COMPLAINT

Defendant Direct Supply, Inc. ("Direct Supply") hereby answers the complaint filed by Plaintiff Layla Sleep, Inc. ("Layla") as set forth below.

# PARTIES

1. Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

2. Admitted.

# NATURE OF THE ACTION

3. Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

# JURISDICTION AND VENUE

4. Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

5. Direct Supply admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and U.S.C. §1338(a).

6. Direct Supply admits to that this Court has personal jurisdiction over the Direct Supply in this action.

7. Direct Supply admits that venue is proper in this District and denies the remainder of the allegation.

## BACKGROUND FACTS

8. Direct Supply incorporates by reference its answers to the preceding paragraphs 1-7.

9. Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

10. Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

11. Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

12. Direct Supply states that the marketing image speaks for itself, however Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

13. Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

14. Direct Supply admits that Rose is prior art.

15. Direct Supply denies Layla's characterization of Rose.  Rose speaks for itself.

16. Direct Supply denies Layla's characterization of the documents.  The documents speak for themselves.

17. Admitted.

18. Admitted.

19. Admitted.

20. Direct Supply denies the characterization of the document and states that the document speaks for itself. Direct Supply admits that it is the assignee of the '591 patent.

21. Direct Supply denies the characterization of the document and states that the document speaks for itself.

22. Direct Supply denies the characterization of the document and states that the document speaks for itself.

23. Direct Supply denies the characterization of the document and states that the document speaks for itself.

24. Direct Supply denies the characterization of the document and states that the document speaks for itself.

25. Direct Supply denies the characterization of the document and states that the document speaks for itself.

26. Direct Supply denies the characterization of the document and states that the document speaks for itself.

27. Direct Supply denies the characterization of the document and states that the document speaks for itself.

28. Denied.

29. Denied.

## COUNT 1
### Declaratory Judgment of Non-Infringement of '591 Patent

30. Direct Supply incorporates by reference its answers to paragraph 1-29.

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II
### Declaratory Judgment of Non-Infringement of '591 Patent

38. Direct Supply incorporates by reference its answers to paragraph 1-37.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT III
### Declaratory Judgment of Unenforceability of '591 Patent

45. Direct Supply incorporates by reference its answers to paragraph 1-44

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Admitted.

51. Direct Supply denies the characterization of the document and states that the document speaks for itself.

52. Direct Supply denies the characterization of the document and states that the document speaks for itself.

53. Direct Supply denies the characterization of the document and states that the document speaks for itself.

54. Direct Supply denies the characterization of the document and states that the document speaks for itself.

55. Direct Supply denies the characterization of the document and states that the document speaks for itself.

56. Denied.

57. Direct Supply denies the characterization of the document and states that the document speaks for itself.

58. Direct Supply lacks knowledge or information sufficient to form a belief as to admit or deny the allegation and therefore denies it.

59. Direct Supply denies the characterization of the document and states that the document speaks for itself.

60. Denied.

61. Denied.

62. Denied.

## RELIEF

**WHEREFORE,** Direct Supply respectfully requests that this Court enter judgement in its favor and against Layla and grant the following relief:

A. Dismissing all of Layla's claims;

B. Deny Layla's claim that it has not infringed any claims of the '591 patent;

C. Deny Layla's claim that the claims of the '591 patent are invalid;

D. Deny Layla's claim that the claims of the '591 patent are unenforceable;

E. Awarding Direct Supply the reasonable attorneys' fees and costs of this action; and

F. Granting such other and further relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Direct Supply hereby demands trial by jury on all causes so triable.

Dated: October 16, 2019	BOYLE FREDRICKSON, S.C.

s/Michael T. Griggs
Michael T. Griggs
Adam L. Brookman
840 N. Plankinton Ave.
Milwaukee, WI  53203
Telephone:  414-225-9755
Facsimile:   414-225-9753
Email: mtg@boylefred.com
           alb@boylefred.com

*Attorneys for Defendant, Direct Supply, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2019, I caused a true and correct copy of the foregoing document to be filed with the Court and served upon the following counsel of record via the Court's CM/ECF system:

*Counsel for Layla Sleep, LLC.:*

Walter B Welsh
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
Phone:  203-703-0800
Fax: 203-703-0801
Email: wwelsh@whipgroup.com
           litigation@whipgroup.com

                                       s/Michael. T. Griggs
                                       Michael T. Griggs
                                       Adam L. Brookman